UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHNNIE BENNET                                                                                    PETITIONER

VS.                                                              CIVIL ACTION NO. 4:10CV15DPJ-FKB

JACQUELYN BANKS                                                                               RESPONDENT


REPORT AND RECOMMENDATION

This cause is before the court on the motion of Petitioner Johnnie Bennett to voluntarily dismiss his § 2254 petition (Docket No. 23).  Respondent Jacquelyn Banks opposes the motion, and the court, for the reasons which follow, concludes that the motion should be denied.

Petitioner Johnny Bennett has filed this motion to dismiss his habeas corpus without prejudice so that he, now having access to a better law library (and apparently a better writ writer), can refile his petition "in accordance with Federal Rules."  Respondent opposes the motion, maintaining that the petition complies with Federal Rules and urging that because she has already answered the petition, she will be prejudiced by its dismissal.

The court has authority to grant voluntary dismissal pursuant to Federal Rule of Civil procedure 41(a)(2) in habeas cases brought pursuant to 42 U.S.C. § 2254.  Kramer v. Butler, 845 F.2d 1291 (5th Cir), cert. denied, 488 U.S. 865, 109 S. Ct. 168, 102 L. Ed. 2d 138 (1988).  "[I]n most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit."  Fisher v. Puerto Rico Marine Management, Inc., 940 F.2d 1502, 1502-03 (11th Cir.1991).  The only action taken by the Respondent in this case was to file a response to the petition.  This is not a case where a defendant has spent considerable time and expense on trial preparation.  Accordingly, contrary to

Respondent's argument otherwise, she will not be legally prejudiced if dismissal is allowed. Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002) ("as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit").

This being said, the undersigned concludes that the motion should be denied because of the prejudice that would result to petitioner if dismissal is allowed. Specifically, if dismissal is allowed, a subsequently filed § 2254 most likely would be time barred under the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1). Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Bennett's state court judgment became final October 22, 2009, the date the Mississippi

Supreme Court denied Bennett's petition for a writ of certiorari. Accordingly, to be timely filed, Bennett's petition was due to filed in this court before October 22, 2010. Unquestionably, Bennett's current petition, filed on February 8, 2010, is timely. However, were the court to dismiss the current petition, the statute of limitations would not be deemed to have been tolled while the petition was pending in this court, In re Johnson, No. 09-10423, 2009 WL 1158812 (5th Cir. April 30, 2009) ("[Petitioner's] federal habeas petition does not toll the statute of limitations.") (citing Duncan v. Walker, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001)), and thus, a subsequent petition would be barred by the one-year statute of limitations. Accordingly, on this basis, the undersigned recommends that the motion to dismiss be denied. The undersigned further recommends that petitioner be granted until April 1, 2011 to file a supplemental pleading to correct whatever deficiencies he has identified. Finally, it is recommended that Respondent be given until May 2, 2011 to file a supplemental response or to inform the Court that she does not intend to respond.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED this the 10th day of March, 2011.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE