UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHNNIE BENNETT                                                                    PETITIONER

V.                                       CIVIL ACTION NO. 4:10-cv-15-DPJ-FKB

JACQUELYN BANKS                                               RESPONDENT

REPORT AND RECOMMENDATION

**Claims and Procedural History**

This cause is before the Court on the Petition for Writ of Habeas Corpus filed by Johnnie Bennett, *pro se*. Bennett is in the custody of the Mississippi Department of Corrections, serving a twenty year sentence for first degree arson in connection with a house fire. The Mississippi Supreme Court affirmed his conviction. Docket No. 21-7 at 2. Petitioner never sought post-conviction relief in state court but instead filed the instant petition. Having considered the filings in this case, the Court recommends that the petition be denied.

The initial petition raises two grounds for relief: the trial court's denial of an alibi instruction and ineffective assistance of trial counsel in both failing to adequately develop an alibi defense and in allowing testimony regarding the petitioner's alleged gang affiliation. In response to the petition, the State argued that both grounds were considered by the Mississippi Supreme Court on the merits and therefore habeas relief should be denied by this Court.

After the response was filed, Petitioner moved to dismiss his habeas corpus petition without prejudice so that he could re-file his petition "in accordance with Federal Rules." The Court did not allow the dismissal but adopted the Report and Recommendation of the undersigned allowing

1

Petitioner to supplement his petition to "correct whatever deficiencies Petitioner has identified." Docket No. 28.

Petitioner, however, did not file a corrected pleading merely bringing his first petition into compliance with the federal rules. Instead, he filed a "Motion for Supplemental Pleading" in which he asserted a multitude of new grounds for relief. Docket No. 29. Specifically, Petitioner added to his ineffective assistance of counsel claim that his trial attorney failed to investigate and failed to move to suppress evidence, although he does not identify what his attorney failed to investigate or evidence he failed to suppress.[1] Id. at 1-2. Further, Petitioner added the following nine (9) new grounds for relief: "Conflicts Affecting Plea," "Miscellaneous Conflicts," "Constructive Denial of Counsel," "Voluntary Guilty Plea,""Failure to Communicate Plea Offer," "Defendant's Right to Participate in Plea Decision," "Right to Submit Pro-Se Appellate Briefs," "Right to the Trial Court Record or Transcript if Indigent," and "Counsel's Strategy Requires the Existence of One." Id. at 3-5.[2] With respect to the new ineffective assistance of counsel claims and each of the other nine (9) new grounds for relief, Petitioner merely recites principles and holdings from reported decisions in other cases and provides no factual bases for any of these claims. In his filing at Docket No. 29, Petitioner also requested an evidentiary hearing on his ineffective assistance of counsel claims.

---

[1]Petitioner was represented by different counsel on appeal from the counsel who represented him at trial.

[2]The "legal argument" section of Petitioner's amended petition references alleged inadequacies in the prison library. Id. at 6. An access to courts claim is not properly before the Court on this habeas petition.

**Discussion**

A. *THE INITIAL PETITION*

In his initial Petition, Bennett raises two issues as grounds for relief: (1) denial of an alibi defense instruction; and (2) ineffective assistance of counsel. The state argues that since those grounds were considered and denied on the merits by the Mississippi Supreme Court on direct appeal, this Court may not grant habeas relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The phrase "contrary to...clearly established Federal law," under Section 2254(d)(1), means the State court either "applie[d] a rule that contradicts the governing law set forth in our cases" or in a case with facts "materially indistinguishable from a decision of this Court" arrived at a different conclusion. Williams v. Taylor, 529 U.S. 362, 405-406 (2000).

In Wiggins v. Smith, 539 U.S. 510, 520 (2003), the Supreme Court "made clear that the 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but

unreasonably applies that principle to the facts of petitioner's case." Thus, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007). The Supreme Court has recently observed that if "this standard is difficult to meet, that is because it was meant to be." Harrington v. Richter, 131 S. Ct. 770, 786 (2011). There is a "'highly deferential standard for evaluating state-court rulings,' Lindh v. Murphy, 521 U.S. 320, 333 n. 7 (1997), which demands that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam).

In reviewing the state court's factual findings, including implied findings, this court defers to the state court's factual determinations unless they were " based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784. In the absence of a statement of reasons from the state court, "a federal court must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether fair minded jurists could disagree that those arguments or theories are inconsistent with the holdings in a prior decision of this Court." Id. at 786. According to the Supreme Court, this inquiry is the "'only question that matters under the § 2254(d)(1)." Id. (quoting Lockyer v. Andrade, 538 U.S. 63, 71 (2003)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

4

Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The fact petitioner may have presented the state court with what the federal court believes to be a "strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id.

*1. The Alibi Instruction*

Bennett raises as error the trial court's denial of his request for an alibi instruction. Attempting to establish an alibi defense at trial, Bennett presented testimony from his live-in girlfriend. When questioning her on direct examination, Bennett's trial counsel mistakenly used the wrong date, specifically, the date of the night after the fire. In response, she testified that Bennett was at home when she went to sleep around 9 p.m. and when she awoke during the night to use the rest room. Docket No. 21-4 at 26-27. As to what time it was when she awoke during the night, she testified that she did "[n]ot exactly" remember but that it was "probably around about 1:00 a.m." and could have been as late as 2:00 a.m. Id. at 27 and 32. The 911 call about the fire was received at 1:01 a.m.

The Mississippi Court of Appeals concluded that there was no error in the trial court's refusal to give an alibi instruction. Bennett v. State, 18 So. 3d 272 (Miss. Ct. App. 2009), cert. denied, Bennett v. State, 19 So. 3d 82 (Miss. Ct. App. 2009). Specifically, the Court of Appeals found that "no evidence was presented at trial to support an alibi jury instruction." Bennett, 18 So. 3d at 276. The state court reasoned that

> Even if we assume that [the witness] was talking about events on the
> night of the [fire], we cannot discount the fact that [she] admitted she
> was sleeping during the hours that the arson supposedly occurred;
> therefore, she did not know Bennett's whereabouts between the hours
> of 9 p.m. and approximately 1 a.m."

Id. Accordingly, "it would have been possible for Bennett to have left his home and committed the

5

crime while [the witness] was sleeping," since the site of the arson was "located about 10-15 minutes from Bennett's home." Id. The court concluded that, "[e]ven if [the witness] had testified regarding the correct date, her testimony does not establish . . . that Bennett was somewhere else when the arson occurred." Id.

As the Court of Appeals noted, "jury instructions must be supported by the evidence," and "for a credible alibi to exist, the defendant must be 'at [a] different place so remote or distant or under such circumstances that he could not have committed [the] offense' for which he is being charged." Id. 275-76 (quoting Tucker v. State, 647 So. 2d 699, 705 (Miss. 1994)). The state court concluded that Bennett's witness did not meet that standard, and applying the "highly deferential standard" afforded state court decisions, this Court cannot conclude that the state court reached a conclusion contrary to or unreasonably applying applicable law or reached a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.

    2.    *Ineffective Assistance*

In order to prevail on a claim for ineffective assistance of counsel before the state court, a state criminal defendant must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Supreme Court held that before relief can be granted for ineffective assistance of counsel, a criminal defendant must establish (1) that counsel's performance was deficient in that it fell below an objective standard of reasonable professional service; and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different. Strickland, 466 U.S. at 687, 688. A state court defendant's failure to establish both

prongs of the Strickland test warrants rejection of his claims by a reviewing state court tribunal.

As previously observed, under the AEDPA, a federal habeas court evaluates the state court's determination that Bennett did not satisfy Strickland pursuant to the parameters set forth in Williams v. Taylor.  That is, in order to obtain relief from a federal court on his ineffective assistance claim, Bennett must show that the state court decision regarding his claims of ineffective assistance of counsel was either "contrary to" federal law, as determined by the Supreme Court, or an "unreasonable application" of Strickland.  Harrington v. Richter, 131 S. Ct. 770, 785 (2011). Thus, "[t]he pivotal question [under the AEDPA] is whether the state court's application of Strickland standard was unreasonable."  Id.

Further, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009).  Thus,"[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington, 131 S. Ct. at 786.

      *a. Failure to Develop an Adequate Alibi Defense*

Petitioner argues that his trial counsel's mistaken use of the wrong date and failure to properly prepare his alibi witness and defense constituted ineffective assistance of counsel.  The Court of Appeals, utilizing the two-part Strickland test, concluded that though counsel's performance was deficient, it did not prejudice Bennett's defense or affect the outcome of the trial. Bennett, 18 So. 3d at 277.

In his petition before this Court, Bennet does not contend that his trial counsel's use of the wrong date caused his witness to testify about the wrong night. Rather, Bennett states that "it is

7

clear [his witness] was testifying about . . ." the night of the fire. Docket No. 1 at 10.

Explaining its conclusion, the Court of Appeals stated that the witness "never testified that she knew of Bennett's whereabouts between the hours of 9 p.m. and 1 a.m. . . . as she was sleeping." Bennett, 18 So. 3d at 277. In fact, she testified that she did "[n]ot exactly" remember when she awoke and that it could have been as late as 2:00 a.m. Docket No. 21-4 at 32.

In its decision, the Court of Appeals essentially reasoned that, even if you assume that Bennett's witness was testifying about Bennett's whereabouts on the night of the fire, the witness's testimony did not provide Bennett an alibi, and therefore, trial counsel's mistake did not prejudice Bennett's defense or affect the outcome of the trial as required by Strickland. This Court cannot find the state court's decision "unreasonable," especially when the witness admitted under oath that she did "[n]ot exactly" remember and that it may have been as late as 2:00 a.m. when she saw Bennet at home. Accordingly, Bennett has failed to show that the state court's decision was "contrary to" federal law, as determined by the Supreme Court, or an "unreasonable application" of Strickland, and habeas relief should be denied on this issue.

### b. *Failure to Object to Evidence of Bennett's Gang Affiliation*

During trial, evidence was admitted without objection that Bennett was head of the Vice Lords gang in the area and that the Constitution of the Vice Lords was found in his home. The Court of Appeals noted that the prosecution in Bennett's case attempted to lay a foundation for the admission of evidence regarding his alleged gang affiliation, but failed. Bennett, 18 So. 3d at 278. At that point, defense counsel should have objected, but did not. Again, the court concluded that under the Strickland test, counsel's performance was deficient, but given the "'overwhelming' evidence of guilt showing that Bennett committed the arson," counsel's failure to object and the

8

admission of the gang affiliation evidence did not prejudice Bennett's defense. Id. at 279 (citing Henderson v. Cockrell, 333 F.3d 592, 602-03 (5th Cir. 2003)).

At trial, an eyewitness placed Bennett at the scene starting the fire, and other corroborating evidence was presented. Witnesses testified that, on the night of the fire, Bennett had stated that he "had a problem" with the person whose trailer was burned, Docket No. 21-3 at 6 and 28, and witnesses testified that they had gone with Bennett to the person's trailer earlier in the evening. Id. at 27-28 and 47-48. Three witnesses testified that, on the evening of the fire, Bennett had gotten a jug, gone to a gas station, and filled it with gas. Id. at 7, 30-32, and 49-50. The eyewitness testified that, after filling the jug at the gas station, he went with Bennett to the subject trailer and that Bennett "got the gas jug . . . , went to . . . [the] trailer, kicked in the front door, . . . poured the gas and set it on fire." Id. at 14.

Given the amount of evidence showing that Bennett committed the arson, this Court cannot find the state court's decision that the evidence of gang affiliation did not prejudice Bennett's defense to be "unreasonable." Harrington v. Richter, 131 S. Ct. 770, 785 (2011). Bennett has failed to show that the state court's decision was "contrary to" federal law or an "unreasonable application" of Strickland, and habeas relief should be denied on this issue.

B. *MOTION FOR SUPPLEMENTAL PLEADING*

The Court did not grant Petitioner leave to amend his petition to add new claims. Docket Nos. 27 and 28. Bennett claimed in his motion to dismiss (Docket No. 23) that he needed to re-file his petition "in accordance with Federal Rules." He was granted leave to correct deficiencies, not to assert a multitude of new claims. Bennett's supplemental petition will not, therefore, be considered to the extent it adds new claims and his "Motion for Supplemental Pleading" (Docket

No. 29) is denied.

Moreover, the grounds for relief raised in Bennett's Motion for Supplemental Pleading have not been exhausted since they were not raised in Petitioner's direct appeal or in any motion for post conviction collateral relief in state court. Allowing Petitioner to add these unexhausted claims would convert the petition to a "mixed petition" subject to dismissal based on Rose v. Lundy, 455 U.S. 509 (1982). A district court has the discretion to stay and abey a case involving a mixed petition to allow the petitioner to present his unexhausted claims to the state court. Rhines v. Weber, 544 U.S. 269 (2005). However, such a "stay and abeyance" is "available only in limited circumstances." Id.

The undersigned finds that a stay of this case while Petitioner attempted to exhaust his new claims in state court would not be appropriate because Petitioner has provided no good cause for his failure to raise the unexhausted claims previously. Id. at 270. Further, Bennett has failed to set forth any factual basis for his new claims for relief or otherwise show that they have merit.

*C. CONCLUSION*

Based on the foregoing, the undersigned recommends that the petition be denied and this matter dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415,

1428-29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of October, 2012.

s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE